**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**

BENJAMIN DAVID BROOKS                    Crim. Case No. : 7:00-Cr-78-002
   Petitioner,

V.

UNITED STATES OF AMERICA
et al.,
   Respondents

_____/

## MOTION TO REDUCE OR MODIFY SENTENCE, PURSUANT TO T. 18 U.S.C. §3582 ( c )( 2 )

---

NOW COMES, the Petitioner, BENJAMIN D. BROOKS, pro-se[1] and is without the assistance of trained counsel, respectfully moves this Honorable Court, pursuant to **T. 18 U.S.C. §3582 ( c ) ( 2 )**, to issue an Order to Reduce or Modify his sentence in the above entitled case. Petitioner avers the following for consideration and good cause:

Petitioner is a Federal inmate under the control and custody of the Department of Justice, Federal Bureau of Prisons ( at F.P.C. Montgomery Air Force Base), in the state of Alabama.

---

1. Pro-se pleadings should be liberally construed, **Haines,** 404 U.S. 591 ( 1972 ); and Petitioner respectfully requests appointment of counsel pursuant to the Criminal Justice Act ( CJA ) **T. 18 U.S.C. 3006 ( A ).**

## STATUTORY APPLICATION/ JURISDICTION

Petitioner respectfully submits that, **-T. 18 U.S.C. §3582 ( c ) ( 2 )** allows the Court ( s ) to reduce or modify Petitioner's sentence, whose sentencing range has been lowered by the Sentencing Commission, pursuant to **T. 28 U.S.C. §994 ( o )**; the **§3582 ( c ) ( 2 )** statute reads:

    **" ( C ) Modification of an imposed term of imprisonment.**

      The Court may not modify a term of imprisonment once it has been imposed except that ---

      ( 2 ) In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing rage that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. 994 ( o )**, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in **section 3553-( a )** to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." **Id.**

For a sentence to be reduced **-retroactively,** the Court ( s ) must determine whether there has been a **retroactive amendment** to the U.S. Sentencing Guidelines (USSG) that has lowered the "guideline" range applicable to that sentenced, and is listed under Guidelines policy statement regarding reduction in term of imprisonment as a result of amended guideline range, **U.S.S.G. §1B1.10;** stating, the Court ( s ) :

      **"( b ) ( 1 )** In-General. -In Determining whether, and to what extent, a reduction in the defendant's term of imprisonment under **18 U.S.C. §3582 ( c ) ( 2 )** and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment ( s ) to the guidelines listed in subsection ( d ) had been in effect at the time the defendant was sentenced." **Id.**

## AMENDMENT TO THE U.S. SENTENCING GUIDELINES

On January 9, 2014, the U.S. Sentencing Commission had proposed **Amendment 782,** an amendment that would generally revise the Drug Quantity table and Chemical Quantity tables across all drugs and chemical types, as found in **U.S.S.G. §2d1.1** table.

After massive public comments in favor of the above mentioned proposed Amendment **782,** the U.S. Sentencing Commission adopted the Amendment- ( 782 ) on or about April 10, 2014, and became November 1, 2014.

On July 18, 2014, - U.S. Sentencing Commissioners had all voted to make Amendment **782 retroactive** for any/ all prisoners who are no presently sentenced under the prior **§2D1.1** drug quantity scheme ( s ), with retroactive effect beginning **November 1, 2015;** discussed **infra.**

## STATEMENT OF CASE/ FACTS

Petitioner plead guilty to one ( 1 ) count of drug violations ( s ), under **T. U.S.C. §846-**(Conspiracy to Distribute an Possession with intent to Distribute Marijuana.

When applying the provisions of the guidelines as they existed on the date of the Petitioner's sentencing, the Petitioner's offense was scored at level 36, Criminal History Category II. The Guideline Range for An offense level 36 Criminal History Category II, at the time of the Defendant's sentencing was 210-262 months.

Upon a Government motion to reflect the Petitioner's substantial assistance to authorities the Petitioner was granted a downward departure from the Guidelines and was sentenced to 180 months, a 14% reduction from the bottom of the 210-262 guideline range.

## RELIEF REQUESTED

Petitioner respectfully submits that his current imposed sentence of 180 months, is ripe for consideration pursuant to U.S. Sentencing Guidelines **Amendment 782,** not only because the

Amendment has been made retroactive, but because the Petitioner has succeeded in satisfying one or more of the criteria set out in **Amendment 782, U.S.S.G. §3582 ( c ) ( 2 ), furthermore; § U.S.S.G. 1B1.10 ( b ) ( 2 ) ( B ) Exception for Substantial Assistance-** States;

> "If the term of imprisonment imposed was less that the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision ( 1 ) of this subsection may be appropriate."

The Petitioner was sentenced to 180 months, a 14% reduction from the bottom of the original guideline range of 210-262 months. Under the new Amended Guideline Range for the Petitioner's new guideline range would be 168-210. Thus the Petitioner is respectfully asking this Honorable Court for a 14% sentence reduction from the bottom of the 168-210 guideline range.

Finally, the Petitioner humbly requests expedient consideration of his foregoing motion, in that the Petitioner would be eligible for Half-way house and reentry program placement prior to 11/1/2015. [2]

---

2. See **U.S.S.G. §1B1.10 ( e ) ( 1 )- Special Instructions,** at Commentary number 6.

**WHERFORE,** Petitioner BROOKS prays that this Honorable Court will consider **all** of the above mentioned within the foregoing **§3582 ( c ) ( 2 )** motion, and reduce and/ or modify his sentence in accordance with the new sentencing guideline amendment ( **U.S.S.G. Amendment 782** ).

**RESPECTFULLY SUBMITTED,**

Benjamin David Brooks, <u>Pro-se</u>
Fed. Reg. 06110-068
Federal Prison Camp
Montgomery, AL. 36112

## CERTIFICATE OF SERVICE

I, BENJAMIN D. BROOKS ( Fed. #06110-068 ), hereby declare that a true and correct copy of the foregoing Motion to Reduce/ Modify sentence pursuant to **§3582,** was mailed to the U.S. Attorney's Office in the Eastern District of North Carolina, on this 1st day of November by depositing into the Institutional Mail Box, for mailing by the U.S. Postal Service.

Benjamin David Brooks, <u>Pro-se</u>
Fed. Reg. 06110-068